William P. Donovan, Jr. (SBN 155881)
wdonovan@mwe.com
**McDermott Will & Emery LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:   (310) 277-4110
Facsimile:    (310) 277-4730

Joshua B. Simon*
Warren Haskel*
Richard W. Nicholson, Jr.*
Michael Murray*
jsimon@mwe.com
whaskel@mwe.com
rnicholson@mwe.com
mmurray@mwe.com
**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone:   (212) 547-5400
Facsimile:    (212) 547-5444

**pro hac vice* pending

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEACH DISTRICT SURGERY CENTER, L.P., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 2:22-cv-03931-MCS-JPR<br><br>**CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**DATE:  October 17, 2022**<br>**TIME:  9:00 A.M.**<br>**JUDGE:  Honorable Mark C. Scarsi**<br>**COURTROOM:  7C** |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 17, 2022, or as soon thereafter as the matter may be heard, before the Honorable Mark C. Scarsi of the United States District Court for the Central District of California, located in Courtroom 7C, of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Defendant Cigna Health and Life Insurance Company ("Cigna" or "Defendant") will and hereby does move this Honorable Court for an order dismissing all causes of action for relief with prejudice asserted by Plaintiff Beach District Surgery Center, L.P. ("Beach District") in the Complaint filed on or about June 8, 2022 (the "Complaint") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Cigna hereby files this Motion to Dismiss (the "Motion") on each and every cause of action in the Complaint on the following grounds:

<u>Fraud (COA 1) and Negligent Misrepresentation (COA 2)</u>: Beach District's causes of action for fraud and negligent misrepresentation fail because Beach District does not plead a misrepresentation with particularity under Rule 9(b).  Moreover, Beach District also fails to plead an actionable misrepresentation, negligence or an intent to deceive, and justifiable reliance.  Finally, both claims are barred under the economic loss doctrine.

<u>Violation of Business and Professions Code Section 17200 (COA 3)</u>: Beach District's cause of action for violation of the California UCL fails because Beach District, which is not a consumer, does not have standing to bring such a claim.  Beach District also fails to allege fraudulent, unlawful or unfair conduct, and Beach District has available monetary remedies at law making the equitable relief provided by the UCL unavailable.

This Motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on July 26, 2022.  During the meet and confer counsel for the parties

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

1  discussed in detail the grounds for this Motion, but the parties were not able to reach

2  any resolution of the issues contained herein.

3  Dated: August 4, 2022        Respectfully submitted,

4                              **MCDERMOTT WILL & EMERY LLP**

5

6                      By:     */s/ William P. Donovan, Jr.*

7                              William P. Donovan, Jr.
                               2049 Century Park East, Suite 3200
8                              Los Angeles, CA 90067-3206
                               Telephone: (310) 277-4110
9                              Facsimile:  (310) 277-4730
                               wdonovan@mwe.com

10                             Joshua B. Simon*
                               Warren Haskel*
11                             Richard W. Nicholson, Jr.*
                               Michael Murray*
12                             One Vanderbilt Avenue
                               New York, NY 10017-3852
13                             Telephone: (212) 547-5400
                               Facsimile:  (212) 547-5444
14                             jsimon@mwe.com
                               whaskel@mwe.com
15                             rnicholson@mwe.com
                               mmurray@mwe.com
16
                               *pro hac vice* pending
17
                               Attorneys for Defendant
18                             CIGNA HEALTH AND LIFE
                               INSURANCE
19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# **TABLE OF CONTENTS**

I. Introduction ....................................................................................................1

II. Background ....................................................................................................2

III. Argument.......................................................................................................4

    A.    Legal Standard. ....................................................................................4

    B.    Beach District's Claims for Fraud (Count 1) and Negligent
           Misrepresentation (Count 2) Should Be Dismissed.........................5

        1.    Beach District Fails to Plead a Misrepresentation with Rule
               9(b) Particularity. .....................................................................5

        2.    Beach District has not Pled the Elements of Negligent
               Misrepresentation or Fraud. ......................................................7

            a.    The Use of a Logo Is Not an Actionable
                  Misrepresentation. ..........................................................7

            b.    Beach District Fails to Allege Cigna Acted
                  Negligently or with Scienter.......................................10

            c.    Beach District Has Failed to Allege Justifiable
                  Reliance. ........................................................................12

         3.    The Economic Loss Doctrine Bars the Negligent
                Misrepresentation and Fraud Claims. ...................................13

    C.    Beach District's Violation of California's Unfair Competition Law
            Claim (Count 3) Fails.......................................................................14

         1.    Beach District Does Not Have a Right to Bring a UCL
                Claim. ......................................................................................15

         2.    Beach District has Not Alleged Any Fraudulent, Unlawful,
                or Unfair Business Practice. .................................................16

         3.    Beach District Does Not Lack an Adequate Remedy at Law.
               ....................................................................................................19

IV. Conclusion....................................................................................................20

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Aetna Life Ins. Co. v. Huntingdon Valley Surgery Ctr.*,
    129 F. Supp. 3d 160 (E.D. Pa. 2015), *aff'd in part, vacated in part,
    remanded*, 703 F. App'x 126 (3d Cir. 2017)......................................................1, 11

*Alexsam Inc. v. Green Dot Corp.*,
    2017 WL 2468769 (C.D. Cal. June 5, 2017)......................................................14

*Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Court*,
    46 Cal. 4th 993 (2009)......................................................................................16

*Atl. Neurosurgical Specialists, P.A. v. Multiplan, Inc.*,
    2022 WL 158658 (S.D.N.Y. Jan. 18, 2022)......................................................8, 9

*Baird v. Samsung Elecs. Am., Inc.*,
    522 F. Supp. 3d 679 (N.D. Cal. 2021), *appeal dismissed*, 2022 WL
    1438516 (9th Cir. Feb. 22, 2022) ........................................................................8

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1988) ...............................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................4, 5

*Block v. eBay, Inc.*,
    747 F.3d 1135 (9th Cir. 2014) ...........................................................................17

*Boland, Inc. v. Rolf C. Hagen (USA) Corp.*,
    685 F. Supp. 2d 1094 (E.D. Cal. 2010) .............................................................16

*Cal. Med. Transp. Ass'n, Inc. v. Logisticare Sols., LLC*,
    2018 WL 5936614 (C.D. Cal. May 22, 2018)......................................................5

*Cameron v. Cameron*,
    199 P.2d 443 (1948) ..........................................................................................13

*Catena v. Capitol Recs.*,
    2012 WL 12942740 (C.D. Cal. July 11, 2012) .............................................17, 18

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    973 P.2d 527 (Cal. 1999)...................................................................................18

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Cutler v. Rancher Energy Corp.*,
  2014 WL 1153054 (C.D. Cal. Mar. 11, 2014) .................................................11

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) .........................................................................19

*Franckowiak v. Scenario Cockram USA, Inc.*,
  2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) .................................................19

*Garcia v. Sony Comput. Ent. Am., LLC*,
  859 F. Supp. 2d 1056 (N.D. Cal. 2012)............................................................17

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) .............................................................5

*Hadland v. NN Invs. Life Ins. Co.*,
  30 Cal. Rptr. 2d 88 (1994)..........................................................................12, 13

*Hill v. Roll Int'l Corp.*,
  128 Cal. Rptr. 3d 109 (2011) ......................................................................12, 17

*IV Sol., Inc. v. PacifiCare Life & Health Ins. Co.*,
  2016 WL 7888009 (C.D. Cal. Dec. 19, 2016).....................................................3

*IV Sols., Inc. v. Conn. Gen. Life Ins. Co.*,
  2015 WL 12843822 (C.D. Cal. Jan. 29, 2015)............................................15, 16

*JMP Secs. LLP v. Altair Nanotechnologies Inc.*,
  880 F.Supp.2d 1029 (N.D. Cal. 2012).............................................................14

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .........................................................................17

*Khan v. CitiMortgage, Inc.*,
  975 F. Supp. 2d 1127 (E.D. Cal. 2013) ............................................................13

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003).................................................................................19

*Linear Tech. Corp. v. Applied Materials, Inc.*,
  61 Cal. Rptr. 3d 221 (2007) .......................................................................15, 16

*Lippitt v. Raymond James Fin. Servs., Inc.*,
  340 F.3d 1033 (9th Cir. 2003), *as amended* (Sept. 22, 2003) ..........................15

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- iii -

*Lozano v. AT&T Wireless Servs., Inc.*,
504 F.3d 718 (9th Cir. 2007) ........................................................................ 18

*Maloney v. Verizon Internet Servs., Inc.*,
413 F. App'x 997 (9th Cir. 2011) ................................................................ 17

*Martinez v. Citimortgage, Inc.*,
2016 WL 7469861 (C.D. Cal. 2016) ............................................................ 17

*McCulloch v. Ford Dealers Advert. Assn.*,
286 Cal. Rptr. 223 (Ct. App. 1991) ............................................................ 8

*United States ex rel. Modglin v. DJO Glob. Inc.*,
114 F. Supp. 3d 993 (C.D. Cal. 2015) ...................................................... 5, 6

*Moncada v. W. Coast Quartz Corp.*,
164 Cal. Rptr. 3d 601 (2013) ...................................................................... 7

*Munoz v. LG Elecs. U.S.A., Inc.*,
2017 WL 11549981 (N.D. Cal. Nov. 10, 2017) .......................................... 8

*N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*,
898 F.3d 461 (5th Cir. 2018) ................................................................ 1, 11

*Nestle USA, Inc. v. Crest Foods, Inc.*,
2017 WL 3267665 (C.D. Cal. July 28, 2017) ............................................ 18

*O'Dell v. Lee*,
2016 WL 1626810 (C.D. Cal. Apr. 22, 2016) ............................................ 9

*Open Text, Inc. v. Northwell Health, Inc.*,
2021 WL 1235254 (C.D. Cal. Feb. 19, 2021) ............................................ 15

*Pearson v. Homecomings Fin. LLC*,
2008 WL 11337354 (S.D. Cal. June 12, 2008) .......................................... 19

*Petersen v. Allstate Indem. Co.*,
281 F.R.D. 413 (C.D. Cal. 2012) ................................................................ 7

*Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*,
2018 WL 2441768 (D.N.J. May 31, 2018) ...................................... 6, 8, 9, 14

*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
230 F. Supp. 3d 1194 (C.D. Cal. 2017) .................................................. 6, 9

*Ramin M. Roohipour, M.D., Inc. v. Blue Cross Blue Shield of Ill.*,
  2021 WL 5104383 (C.D. Cal. Oct. 21, 2021) ....................................................19

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ..........................................................................4

*Sanguinetti v. Viewlogic Sys., Inc.*,
  1996 WL 33967 (N.D. Cal. Jan. 24, 1996)......................................................12

*Santa Barbara Smokehouse, Inc. v. Aquachile, Inc.*,
  2020 WL 6743592 (C.D. Cal. July 7, 2020) ....................................................18

*Schwartz v. Vizio, Inc.*,
  2017 WL 3902985 (C.D. Cal. 2017) ..................................................................8

*Sheahan v. State Farm Gen. Ins. Co.*,
  394 F. Supp. 3d 997 (N.D. Cal. 2019)..............................................................20

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..........................................................................19

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................5

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. Rptr. 2d 861 (1991)................................................................................9

*Temple Univ. Children's Med. Ctr. v. Grp. Health, Inc.*,
  413 F. Supp. 2d 530 (E.D. Pa. 2006)............................................................1, 11

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
  660 F. Supp. 2d 1163 (C.D. Cal. 2009)............................................................12

*Vavak v. Abbott Labs., Inc.*,
  2011 WL 10550065 (C.D. Cal. June 17, 2011)................................................14

*Vepo Design Corp. v. Am. Econ. Ins. Co.*,
  2020 WL 7382310 (C.D. Cal. Oct. 16, 2020) ..................................................20

*Weissich v. Cnty. of Marin*,
  274 Cal. Rptr. 342 (Ct. App. 1990) ..................................................................9

*Yanase v. Auto. Club of So. Cal.*,
  260 Cal. Rptr. 513 (Ct. App. 1989) ................................................................10

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- v -

**Other Authorities**

Cal. Bus. & Prof. § 17200 ................................................................................. 15

Fed. R. Civ. Proc. § 12(b)(6) ............................................................................ 4

Fed. R. Civ. Proc. § 8 ..................................................................................... 2, 7

Fed. R. Civ. Proc. § 9(b) ..........................................................................*passim*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO: 2:22-CV-03931

## <u>MEMORANDUM AND POINTS OF AUTHORITIES</u>

## I.    <u>INTRODUCTION</u>

The Complaint filed by Beach District suffers from an incurable flaw.[1]  Beach District alleges that it should have been paid the rates Plaintiff allegedly contracted with non-party MultiPlan, Inc. ("MultiPlan") for certain out-of-network claims submitted to health plans administered by Cigna.  Yet Beach District does not plead a breach of contract or violation of ERISA plans; in fact, Beach District has not even identified any terms in its own contract with MultiPlan that would entitle it to these rates for Cigna plan members.  That is because no such terms exist, with numerous courts around the country recognizing that the agreements that out-of-network providers like Beach District have with MultiPlan do not require third-party administrators like Cigna to pay the MultiPlan contract rates but instead only provides them the option to do so.[2]

Trying to circumvent the terms of its MultiPlan contract, Beach District alleges that Cigna's placement of a MultiPlan logo on members' insurance cards was a separate representation that Cigna would and must pay Beach District's MultiPlan contract rates.  But Beach District's three claims based on this theory fail too.

***First***, Beach District alleges that Cigna's use of the MultiPlan logo amounted to a fraud (Count 1) and negligent misrepresentation (Count 2) that Cigna would pay those rates, but Beach District's claims based on a failure to perform a generalized

[1] Unless otherwise noted, all emphasis is added and all internal quotations, alterations, and citations are omitted.  "Beach District" or "Plaintiff" refers to Plaintiff Beach District Surgery Center, L.P., and "Cigna" or "Defendant" refers to Defendant Cigna Health and Life Insurance Company.

[2] *See, e.g.*, Ex. B, *L.I. Minimally Invasive v. MultiPlan*, Index No. 605520/2016, Dkt. 187 at 11 (N.Y. Sup. Ct. Nassau Cnty. Apr. 24, 2020) (finding MultiPlan's clients were not required to access MultiPlan's contracted rates because "[n]umerous sections in [MultiPlan's] Agreement [with the plaintiff provider] suggest the Client had a choice in whether to access MultiPlan's Network for a service provided by the [plaintiff]"); *see also Aetna Life Ins. Co. v. Huntingdon Valley Surgery Ctr.*, 129 F. Supp. 3d 160, 175 (E.D. Pa. 2015), *aff'd in part, vacated in part, remanded*, 703 F. App'x 126 (3d Cir. 2017); *Temple Univ. Children's Med. Ctr. v. Grp. Health, Inc.*, 413 F. Supp. 2d 530, 537 (E.D. Pa. 2006); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 484 (5th Cir. 2018).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

agreement is not sufficient to plead a misrepresentation with the particularity that Rule 9(b) requires for these fraud-based claims.  Likewise, the only actual representations that Beach District alleges concerning Beach District's contract rates were made by MultiPlan, not Cigna, and Beach District cannot point to any specific statement suggesting that Cigna agreed to pay the MultiPlan rates for any of the claims in dispute. Just the opposite—as the publicly available sources cited in the Complaint make clear, Cigna's use of a MultiPlan logo does not mean that Cigna must use the MultiPlan contract rates.

In fact, as many courts faced with the same theory have found, Beach District's allegations of negligent misrepresentation and fraud do not satisfy Rule 8 because a MultiPlan logo, without more, is not a representation to pay contract rates.   And independent of these pleading failures, Beach District's negligent misrepresentation and fraud claims are barred by the economic loss doctrine, since Beach District ultimately seeks what it is allegedly owed pursuant to a contract.

***Second***, Beach District's Unfair Competition Law ("UCL," Count 3) claim fails because, as a corporate healthcare provider, Beach District is not a consumer or a competitor of Cigna, so it does not have the right to sue under the statute.  But even if it did, Beach District has not alleged fraudulent, unlawful, or unfair conduct sufficient to state a UCL claim for the same reasons its negligent misrepresentation and fraud claims fail: putting a logo on an insurance card is not fraudulent, unlawful, or unfair. Nor has Beach District shown it is entitled to equitable relief when it has the ability to sue for money damages pursuant to the agreements.

Accordingly, all claims in the Complaint should be dismissed and with prejudice.

## II.   BACKGROUND

Beach District is an ambulatory surgical center that provides medical services to patients in California. (Compl. ¶ 1.)  Defendant Cigna is a company that administers claims for health insurance plans. (*See id.* ¶ 10.)  To lower the cost of healthcare for

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

members of the health plans that Cigna administers, Cigna enters into direct contracts with providers to secure discounts. (*See id.* ¶ 2.)  Providers that choose not to enter these agreements are called "out-of-network" providers. (*Id.*)  Beach District does not have a direct contract with Cigna and is an out-of-network provider. (*Id.*)

Instead, Beach District alleges that it has a contract with MultiPlan, which operates a complementary network. (*Id.*)  Beach District says its contract with MultiPlan entitles it to be reimbursed at 95% of its billed charges. (*Id.* ¶ 5.)  Beach District pleads no terms of its contract with MultiPlan and does not attach it as an exhibit to the Complaint.  Beach District also alleges that Cigna has a relationship and agreement with MultiPlan, (*id.* ¶¶ 3, 29-30, 32), but Beach District similarly does not plead the terms of Cigna's agreement with MultiPlan or attach it as an exhibit to the Complaint.

Beach District alleges that Cigna imprints the MultiPlan logo on its members' insurance cards. (*Id.* ¶¶ 29-30, 32.)  Beach District alleges that it received such cards and observed the logos before treating 26 Cigna members. (*Id.* ¶ 33.)  Beach District does not allege any communications with Cigna, including any discussions about the rate at which Cigna said it would reimburse its members' claims.

In the Complaint, Beach District refers to Cigna's MultiPlan/Out-of-Network Directory, which is a publicly available website available at https://www.cigna.com/hcpdirectory/multiplan.[3] (Compl. ¶ 30.)  That website says that "[i]f the MultiPlan Savings Program logo appears on your Cigna ID card, you **may** be eligible to receive discounts when using an out-of-network, non-participating health care professional or facility that participates in the Network Savings Program. ***Discounts are not guaranteed.***" (Ex. A at 1.)

---

[3] While courts must accept well-pleaded factual allegations as true and are generally limited to the pleadings at the motion to dismiss stage, the Court may consider documents referenced in Plaintiff's Complaint. *See IV Sol., Inc. v. PacifiCare Life & Health Ins. Co.*, 2016 WL 7888009, at *4 (C.D. Cal. Dec. 19, 2016).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Nonetheless, Beach District alleges that by imprinting the MultiPlan logo on to insurance identification cards, Cigna represented that it would reimburse Beach District based on the terms of Beach District's contract with MultiPlan. (Compl. ¶ 3.) Beach District alleges that it relied on the representation conveyed by the MultiPlan logo when it agreed to provide services to Cigna members, however Cigna ultimately reimbursed these claims over the course of 40 payments under the level prescribed in the agreement between Beach District and MultiPlan. (*Id.* ¶¶ 3, 6-7, 32, 35.)

Beach District's Complaint includes five "example" patients and alleges their dates of service, the dates the insurance cards were shown, and the total charges for each patient. (*E.g.*, *id.* ¶¶ 46-47, 56.)  But Beach District does not provide the patients' names, their benefit plan documentation, the type of service they received, what the insurance card said, who reviewed the insurance card, the text of any explanation of benefits (EOBs), or whether any other information was exchanged between the patient, Beach District, and Cigna.

Beach District filed this lawsuit on June 8, 2022 and seeks to represent a class of "[a]ll California medical providers that were not contracted with Cigna and were contracted with Multiplan that provided medical services to patients with Cigna health insurance cards bearing the Multiplan symbol and that were underpaid by Cigna relative to their Multiplan agreements." (*Id.* ¶ 146.)

## III.  **ARGUMENT**

### A.  **Legal Standard.**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545–47 (2007). A complaint can be dismissed for failure to present a cognizable legal theory or failure to allege sufficient facts to meet a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  Pleadings with only conclusory allegations or formulaic recitations of the elements of causes of action without

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

sufficient factual support must be dismissed. *Twombly*, 550 U.S. at 555–57; *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Claims sounding in fraud or misrepresentation are subject to the additional requirements of Federal Rule Civil Procedure 9(b)'s heightened pleading standard. *Cal. Med. Transp. Ass'n, Inc. v. Logisticare Sols., LLC*, 2018 WL 5936614, at *5 (C.D. Cal. May 22, 2018). To satisfy Rule 9(b), a plaintiff must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Where fraud has allegedly been perpetrated by a corporation, a plaintiff must allege the names of the employees or agents who purportedly made the statements or omissions that give rise to the claim, or at a minimum identify them by title and/or job responsibility." *United States ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1016 (C.D. Cal. 2015).

**B.      Beach District's Claims for Fraud (Count 1) and Negligent Misrepresentation (Count 2) Should Be Dismissed.**

Beach District attempts to spin Cigna's use of a MultiPlan logo on Cigna's members' insurance cards into a claim that Cigna somehow misrepresented, either negligently or intentionally, that it would always pay Beach District at 95% of its billed charges pursuant to a contract that Beach District had with MultiPlan. Beach District's theory suffers from a number of fatal defects, and Beach District's negligent misrepresentation and fraud claims (together the "Misrepresentation Claims") should therefore be dismissed.

1.      Beach District Fails to Plead a Misrepresentation with Rule 9(b) Particularity.

Beach District's Misrepresentation Claims fail because Beach District does not plead a misrepresentation with the particularity required by Rule 9(b). *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b).").

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 5 -

Plaintiff tries to cure this pleading defect by alleging that non-party MultiPlan represented that Cigna would pay the MultiPlan rates (Compl. ¶ 27), which Beach District suggests should be attributed to Cigna because the parties have "a longstanding relationship" that Cigna advertises to its customers. (Compl. ¶¶ 4, 30.)  But Beach District provides no allegations of any specific representations in these advertisements. In fact, the website cited in the Complaint explicitly refutes Beach District's claim by making clear that "[d]iscounts are not guaranteed." (Ex. A at 1.)  Beach District therefore has no basis to claim that ***Cigna*** could be liable for ***MultiPlan's*** alleged representations to Beach District or how Cigna could be obligated to follow the terms of Beach District's alleged agreement with MultiPlan.  This is another reason why Beach District fails to plead with Rule 9(b) particularity.  *See Modglin*, 114 F. Supp. 3d at 1016 (holding that Rule 9(b) had not been met where complaint failed to identify employees of corporation who made misrepresentation).

Plaintiff's allegations about the claims of a handful of "example patients"  are likewise insufficient to meet the specificity required by Rule 9(b).  None of these examples provides any information about the text of the insurance cards containing the MultiPlan logo, the terms of the MultiPlan agreement, or the substance of "Defendants' representations and communications to Plaintiff." (Compl. ¶ 16, 32, 46-145.)  Without such details, Beach District's Misrepresentation Claims cannot survive. *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1208 (C.D. Cal. 2017) (dismissing negligent misrepresentation claim because plaintiff did "not allege with particularity when and where Defendants allegedly made the representations, which of Defendant's agents made the alleged representations, to whom the representations were made, and how the representations regarding CP Members' eligibility and Plaintiffs' authorization are false"); *UMG Recordings*, 117 F. Supp. 3d at 1107–08 (dismissing fraud and negligent misrepresentation claims because "to satisfy Rule 9(b), more is required than a vague assertion that the parties agreed continued use of the sound recordings for an indefinite period was 'acceptable'").

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Finally, even if Beach District had alleged that someone at Cigna promised its MultiPlan rates—and it has not—that would still not be enough to meet Rule 9(b) because "[m]ere nonperformance of a promise does not suffice to show the falsity of the promise." *Id.* Instead, Beach District must plead facts showing that Cigna never intended to honor the agreement before it was made. *Id.* But Beach District does not plead that either. (*See* Compl. ¶ 157 (alleging only that Cigna did not pay Beach District's contract rates, not that it never intended to pay them for any particular claim).) Its Misrepresentation Claims should thus be dismissed. *UMG Recordings*, 117 F. Supp. 3d at 1107-08.

2.     Beach District has not Pled the Elements of Negligent Misrepresentation or Fraud.

Beach District has also failed to plead the elements of negligent misrepresentation and fraud under the Rule 8 and *Twombly*'s plausibility standard. To state a claim for negligent misrepresentation, a plaintiff must demonstrate that the defendant made "(1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance thereon by the party to whom the misrepresentation was directed; and (5) damages." *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 417 (C.D. Cal. 2012). Fraud requires all the same elements, plus intentionality. *Moncada v. W. Coast Quartz Corp.*, 164 Cal. Rptr. 3d 601, 611 (2013) (finding that negligent misrepresentation and fraud elements are the same except fraud requires intentionality). Because Beach District has not pled all of these elements, its misrepresentation claims should be dismissed.

a.     *The Use of a Logo Is Not an Actionable Misrepresentation.*

To start, Beach District fails to plead a misrepresentation of a past or existing material fact. Beach District claims that the placement of a single logo represents specific terms from two separate contracts—between Beach District and MultiPlan and between MultiPlan and Cigna. (Compl. ¶¶ 3, 6, 29.) Courts applying California

CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO: 2:22-CV-03931

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

law have recognized, however, that placement of a logo, without more, cannot possibly constitute a representation with legal effect, much less incorporate the terms of an underlying contract, as Beach District alleges. *See, e.g. Baird v. Samsung Elecs. Am., Inc.*, 522 F. Supp. 3d 679, 686 (N.D. Cal. 2021), *appeal dismissed*, 2022 WL 1438516 (9th Cir. Feb. 22, 2022) (dismissing negligent misrepresentation claim because YouTube symbol on packaging did not constitute an affirmative representation that Smart TVs would have access to YouTube five years after purchase); *Schwartz v. Vizio, Inc.*, 2017 WL 3902985, at *4 (C.D. Cal. 2017) (dismissing negligent misrepresentation and fraud claims based on Energy Star logo used on Vizio TV box because logo was not an actionable misstatement concerning energy-saving features on Vizio TV); *Munoz v. LG Elecs. U.S.A., Inc.*, 2017 WL 11549981, at *4 (N.D. Cal. Nov. 10, 2017) (same, noting that "the Energy Star logo does not constitute an affirmative statement"); *McCulloch v. Ford Dealers Advert. Assn.*, 286 Cal. Rptr. 223, 224 (Ct. App. 1991) (affirming dismissal of negligent misrepresentation claim because Ford logo did not constitute representation that certain prize money would be awarded to winner of race).

In fact, courts have already dismissed the exact same claim and allegations against Cigna regarding its use of the MultiPlan logo on its members' insurance cards, finding that the logo "does not constitute an incorrect statement of past or existing fact regarding the rate at which Defendants would reimburse Multiplan providers." *See Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, 2018 WL 2441768, at *7 (D.N.J. May 31, 2018) (holding that negligent misrepresentation claim must be dismissed for lack of actionable representation where plaintiff argued that MultiPlan logo represented payment of MultiPlan contract rates); *see also Atl. Neurosurgical Specialists, P.A. v. Multiplan, Inc.*, 2022 WL 158658, at *7 (S.D.N.Y. Jan. 18, 2022) ("[t]he card logo advertises to the viewer that Cigna and United are in the business, not that they have underwritten the cardholders' particular transaction").

As one court concluded,

CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO: 2:22-CV-03931

> [T]o the extent that the inclusion of Multiplan's logo even
> constitutes a statement attributable to [Cigna], it certainly
> does not constitute an incorrect statement of past or existing
> fact regarding the rate at which [Cigna] would reimburse
> Multiplan providers.

*Plastic Surgery Ctr.*, 2018 WL 2441768, at *7.  At most, "the inclusion of the logo on [the member's] identification card may indicate some relationship between Multiplan and Cigna" but "it cannot be plausibly inferred, from the inclusion of the logo alone, that [Cigna] would reimburse a provider within the Multiplan network at the Multiplan Rate." *Id.*; *see also Atl. Neurosurgical*, 2022 WL 158658, at *7.  So too with Beach District's misrepresentation claims here.

Beach District's negligent misrepresentation claim fails for two additional reasons.  ***First***, Beach District alleges that Cigna promised that it would reimburse Beach District at MultiPlan rates before Beach District actually treats the Cigna member. (Compl. ¶ 3.)   But negligent misrepresentation is actionable only for misrepresentations of "a past or existing material fact," not promises of future conduct. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (1991) ("Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud."); *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1208 (C.D. Cal. 2017) (dismissing negligent misrepresentation claim because alleged misrepresentation concerned promise to reimburse healthcare provider's claims in the future).

***Second***, even if the MultiPlan logo was considered an implied representation about payment of Beach District's contractual rates, which it is not, Beach District's negligent misrepresentation claim still fails because implied representations cannot support such a claim under California law. *See O'Dell v. Lee*, 2016 WL 1626810, at *3 (C.D. Cal. Apr. 22, 2016) (letter from employer did not explicitly state that employee would be rehired and "[a]n implied representation cannot support a negligent misrepresentation claim"); *Weissich v. Cnty. of Marin*, 274 Cal. Rptr. 342,

351 (Ct. App. 1990) (dismissing negligent misrepresentation claim because alleged misstatement only included an implied misstatement); *Yanase v. Auto. Club of So. Cal.*, 260 Cal. Rptr. 513, 516 (Ct. App. 1989) (dismissing negligent misrepresentation claim because auto club's tour book did not contain a positive assertion about the safety of its recommended destinations).

        b.     *Beach District Fails to Allege Cigna Acted Negligently or with Scienter.*

Beach District has also not sufficiently alleged that Cigna lacked reasonable grounds for believing the representation to be true (*i.e.* the element of negligence for a negligent misrepresentation claim) or that Cigna acted with an intent to deceive because it knew the representation was false (*i.e.* scienter for a fraud claim).

As a threshold issue, Beach District's claims fail because it has not pled any facts suggesting that anything written on Cigna members' insurance cards was false. All that Beach District alleges is that Cigna included the MultiPlan logo on plan members' cards. (Compl. ¶ 3.)  At most, the MultiPlan logo represents that Cigna has a relationship with MultiPlan, but that is true, as Beach District itself alleges. (*Id.* ¶ 30.)  Missing is any allegation that anything on the members' cards explicitly represented that Cigna promised to utilize the MultiPlan network in every instance when a provider is out-of-network with Cigna but has a contract with MultiPlan. (*Id.* ¶¶ 3–4.)

And even if Beach District's theory of some kind of implied representation was right, Beach District pleads no reason why Cigna would have known or should have known that using the MultiPlan logo represented that Cigna was agreeing to pay MultiPlan rates in every instance.  Instead, the Complaint repeats the element in a conclusory fashion with no factual support. (Compl. ¶¶ 52, 72, 92, 112, 132 ("Despite representing that the payment method is and was based on [Beach District's] Multiplan agreement, Defendants knew or should have known that they would not be paying Medical Provider based on the Multiplan Agreement."); *see also id.* ¶¶ 63, 83, 103

CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO: 2:22-CV-03931

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

123, 143 ("Defendants knew that they would not be paying based on Plaintiff's Multiplan Agreement,"); *id.* ¶ 168 (making similar allegation)).

This defect alone is fatal. *See, e.g.*, *Cutler v. Rancher Energy Corp.*, 2014 WL 1153054, at *9 (C.D. Cal. Mar. 11, 2014) (dismissing negligent misrepresentation claim because, among other things, plaintiff's complaint included only conclusory language without factual support for the allegation that defendant had no reasonable grounds for believing the misrepresentation was true); *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1112 (dismissing negligent misrepresentation claim because pleader alleged "no facts supporting their bare allegation that plaintiffs had no reasonable grounds for believing that [their] representations [concerning intent to perform] were true when made").

Moreover, as numerous courts have held, the MultiPlan contracts themselves do not create an obligation for an administrator like Cigna always to use the MultiPlan rate, but rather gives Cigna an option to access MultiPlan's rates.  *See* Ex. B, *L.I. Minimally Invasive* at 11 (finding MultiPlan's clients were not required to access the network because "[n]umerous sections in [MultiPlan's] Agreement [with the plaintiff provider] suggest that the Client had a choice in whether to access MultiPlan's Network for a service provided by the [plaintiff]"); *Temple Univ. Children's Med. Ctr. v. Grp. Health, Inc.*, 413 F. Supp. 2d 530, 537 (E.D. Pa. 2006); *Aetna Life Ins. Co. v. Huntingdon Valley Surgery Ctr.*, 129 F. Supp. 3d 160, 175 (E.D. Pa. 2015), *aff'd in part, vacated in part, remanded*, 703 F. App'x 126 (3d Cir. 2017*); N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.,* 898 F.3d 461, 484 (5th Cir. 2018).  The Complaint offers no explanation of how Cigna could have believed or should have known that it was promising to pay the MultiPlan rates by putting a logo on an insurance card, when the MultiPlan agreements themselves do not obligate Cigna to pay the MultiPlan rates.

Thus, the misrepresentation claims do not plead negligence or scienter and should be dismissed for this reason as well.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

c.   *Beach District Has Failed to Allege Justifiable Reliance.*

Finally, Beach District's misrepresentation claims also fail because Beach District has not pled justifiable reliance.  Reasonable reliance can be decided as a matter of law and is judged by an objective standard, given the plaintiff's "own intelligence and information." *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1189 (C.D. Cal. 2009).  California courts have recognized that it is not reasonable, as a matter of law, to rely on a logo to represent underlying contractual terms. *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 118 (2011) (affirming dismissal of fraud claim because it was not plausible that green drop logo on water bottle would create justifiable reliance by consumers on representation that the water was environmentally superior to other waters or endorsed by environmental organizations).

Plaintiff's reliance on a single logo is particularly unreasonable given that Beach District pleads that it had a contract with MultiPlan, which dictates the terms of its reimbursement. *See supra* at 12 (citing cases).  Beach District's claim that it relied on a logo instead is therefore not objectively reasonable. *Sanguinetti v. Viewlogic Sys., Inc.*, 1996 WL 33967, at *18 (N.D. Cal. Jan. 24, 1996) ("[w]hen contracts clearly state the nature of the parties' intentions, reliance upon outside representations is unjustifiable"); *see also Countrywide*, 660 F. Supp. 2d at 1189 (holding that it was facially implausible for a mortgage insurer to reasonably rely on generalized statements or representations in certain documents that were not expressly included in the operative contract); *Hadland v. NN Invs. Life Ins. Co.*, 30 Cal. Rptr. 2d 88, 95 (1994) (finding that insurance policy's terms were clear and any reliance on any representations contrary to the policy was unjustified).

Moreover, Beach District's reliance on the logo as an implied representation that Cigna would pay 95% of Beach District's billed charges is not objectively reasonable given publicly available resources cited in the Complaint explaining the opposite.  In particular, Cigna's provider directory website, which Beach District

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

specifically cites in paragraph 30 of the Complaint, states that "[i]f the MultiPlan Savings Program logo appears on your Cigna ID card, you *may* be eligible to receive discounts when using an out-of-network" and that "*[d]iscounts are not guaranteed*." (Ex. A at 1.)  Given these public resources, Beach District's reliance on the MultiPlan logo as a representation of a guarantee of payment of the contract rates was not objectively reasonable.

Finally, even if Beach District subjectively believed that Cigna's use of the MultiPlan logo represented Cigna's promise always to access the MultiPlan rates, Beach District could not reasonably rely on Cigna's alleged representation once Cigna paid a different amount for the very first patient. *See Cameron v. Cameron*, 199 P.2d 443, 447–48 (1948) (holding that when a party "becomes aware of facts that tend to arouse his suspicion, or if he has reason to believe that any representations made to him are false or only half true, it is his legal duty to complete his investigation and he has no right to rely on statements of the other contracting party"); *see also Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1141 (E.D. Cal. 2013) (holding that where the plaintiff was on notice of problems to frustrate the notion of plaintiff's justifiable reliance, the complaint lacked facts alleged with sufficient specificity to support a finding of justifiable reliance).   This is significant because Plaintiff seeks compensation for claims of 26 patients, so Beach District cannot have justifiably relied on the representation for almost all of the claims it has put at issue.

### 3.   The Economic Loss Doctrine Bars the Negligent Misrepresentation and Fraud Claims.

Beach District's misrepresentation claims are also barred by the economic loss doctrine, which prohibits tort claims where the alleged injury flowed from a contract and can be remedied with monetary damages. *UMG Recordings*, 117 F. Supp. 3d at 1103–94 (C.D. Cal. 2015) (explaining that tort and contract claims are kept separate to "prevent[ ] the law of contract and the law of tort from dissolving into one another") (quoting *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)).

The rule applies "unless the party [bringing the claim] can demonstrate harm above and beyond a broken contractual promise" and applies with equal force to claims grounded in fraud. *Alexsam Inc. v. Green Dot Corp.*, 2017 WL 2468769, at \*4 (C.D. Cal. June 5, 2017). And "[t]he absence of a direct contractual relationship on which to base alleged monetary damages does not transform purely economic losses into tort-based injuries." *Vavak v. Abbott Labs., Inc.*, 2011 WL 10550065, at \*5 (C.D. Cal. June 17, 2011).

Here, Beach District pleads that Plaintiff has a contract with MultiPlan, that MultiPlan has a contract with Cigna, and Beach District should have been paid its contracted rates with MultiPlan by Cigna. (Compl. ¶¶ 23, 29.) Because Beach District's claims are based purely on what it is owed pursuant to an agreement, the economic loss rule prohibits Beach District from pursuing tort remedies to enforce its contract. *UMG Recordings*, 117 F. Supp. 3d at 1104 (dismissing negligent misrepresentation and fraud claims that "are based entirely" on an agreement); *JMP Secs. LLP v. Altair Nanotechnologies Inc.*, 880 F.Supp.2d 1029, 1043 (N.D. Cal. 2012) (dismissing negligent misrepresentation claims and fraud claims under economic loss doctrine where party took "allegations underpinning a straightforward claim for breach of a commercial contract and recast them as torts," which "consist of nothing more than [defendants'] alleged failure to make good on its contractual promises."); *see also Plastic Surgery Ctr.*, 2018 WL 2441768, at \*8 (finding that plaintiff's negligent misrepresentation claim regarding use of the MultiPlan logo on insurance cards was barred by the economic loss doctrine because it was "devoid of any allegations that Plaintiff suffered economic loss extrinsic to the alleged Multiplan Agreements"). Beach District's Misrepresentation Claims fail as a result.

### C.   Beach District's Violation of California's Unfair Competition Law Claim (Count 3) Fails.

Beach District has also failed to plead the elements of a UCL claim. The UCL prohibits any "unlawful, unfair, or fraudulent business act." Cal. Bus. & Prof. § 17200.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair or fraudulent business act or practice; or (2) unfair, deceptive, untrue, or misleading advertising." *Lippitt v. Raymond James Fin. Servs., Inc*., 340 F.3d 1033, 1043 (9th Cir. 2003), *as amended* (Sept. 22, 2003).  Beach District relies on the first prong of the UCL but has failed to plead its claim for a number of reasons.  Thus, this claim should be dismissed as well.

                1.      Beach District Does Not Have a Right to Bring a UCL Claim.

As a threshold issue, Beach District is not the type of party that has the right to bring a UCL claim against Cigna because it is not a consumer or a competitor of Cigna. As a for-profit corporate entity, Beach District cannot be considered a consumer. *Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 237 (2007) ("[W]here a UCL action is based on contracts not involving either the public in general or individual consumers who are parties to the contract, a corporate plaintiff may not rely on the UCL for the relief it seeks."); *see also Open Text, Inc. v. Northwell Health, Inc.*, 2021 WL 1235254, at *2 (C.D. Cal. Feb. 19, 2021) (UCL claims are not available to "non-competitor corporate plaintiffs seeking to bring a UCL action based on contracts not involving the public or individual consumers."); *IV Sols., Inc. v. Conn. Gen. Life Ins. Co.*, 2015 WL 12843822, at *17 (C.D. Cal. Jan. 29, 2015) ("[T]he statute simply was never meant to reach non-competitor, business-to-business disputes flowing from negotiated agreements.").

Beach District also does not and cannot allege that it is a competitor of Cigna. Instead, Beach District alleges it is a "customer" of Cigna. (Compl. ¶ 175.)  But the law is clear that this allegation is insufficient because Beach District does not seek services from Cigna. *See Open Text,* 2021 WL 1235254, at *2 (finding plaintiff was not a customer where "customers allegedly impacted by a similar 'scheme' appear to be other 'corporate customers' with 'the resources to seek damages or other relief" and the "dispute appears centered on the economic relationship between two commercial

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

parties and untethered to the protection of competition or the public—i.e., the sort of conflict 'that the UCL does not contemplate.'").[4]

Beach District cannot skirt the UCL's standing requirement by alleging that Cigna's conduct harms it as a "member[] of the public." (Compl. ¶ 175.)  Just as corporate plaintiffs cannot be consumers under the UCL, they are not considered members of the public either.  *Linear*, 61 Cal. Rptr. 3d at 237.  Nor does Beach District anywhere explain how its misunderstanding about the terms of its MultiPlan agreement is likely to deceive or harm members of the public.  Instead, the only harm alleged by Beach District is to itself and other providers who are corporate entities and whose reimbursement is governed by contracts.[5]  As one court noted in a dispute between a provider and Cigna over the terms of an agreement, "[a]t the end of the day, this is a non-competitor business-to-business contract dispute" and thus "*Linear Tech* forecloses relief in this scenario." *IV Sols., Inc.*, 2015 WL 12843822, at *18.

### 2. Beach District has Not Alleged Any Fraudulent, Unlawful, or Unfair Business Practice.

"An act that breaches a contract may also breach the UCL, but only when the act is unfair, unlawful o[r] fraudulent for some additional reason." *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1110 (E.D. Cal. 2010).  "Consequently, [a plaintiff] must plead some element of unfairness, unlawfulness, or fraud in addition to a 'garden-variety' breach of contract claim in order to allege a viable UCL claim."

---

[4] At best, Beach District submits out-of-network claims to Cigna for payment as an assignee of a Cigna plan member, who themselves may be "customers" under the UCL. But California law is equally clear that UCL claims cannot be assigned, and therefore the UCL claim would still fail.  *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1002 (2009).

[5] While some federal district court cases have permitted standing for non-competing corporate entities, they are in the minority and have ignored binding California law. As the *IV Solutions* court noted, "*Linear Tech's* language is clear, and . . . [a]bsent some countervailing appellate-level (or higher) authority, or a convincing reason why *Linear Tech* should not apply, the Court should follow *Linear Tech.*" 2015 WL 1284822, at *18 n.71.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Catena v. Capitol Recs.*, 2012 WL 12942740, at *7 (C.D. Cal. July 11, 2012).  Beach District has only pled a breach of contract, therefore its UCL claim fails.

**First**, to the extent Beach District alleges a UCL claim based on fraudulent conduct, Rule 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b) applies to UCL claims that sound in fraud).  As explained *supra* Sec. B.1, Beach District has not pled a misrepresentation with particularity under Rule 9(b). *Martinez v. Citimortgage, Inc.*, 2016 WL 7469861, at *4 (C.D. Cal. 2016) (dismissing UCL claim "[b]ecause intentional misrepresentation is a species of fraud" and allegations did not meet "Rule 9(b)'s heightened pleading requirements").  Likewise, courts have recognized that use of a logo, like the MultiPlan logo, is not the kind of intentional misrepresentation cognizable under the UCL. *See, e.g. Garcia v. Sony Comput. Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1064 (N.D. Cal. 2012) (finding that placement of videogame console's logo alone cannot possibly constitute a representation that is likely to deceive a reasonable consumer into believing that all games with such logo would be compatible with all console models in perpetuity); *Hill*, 128 Cal. Rptr. 3d at 115 (finding that no reasonable consumer would be misled by a green drop logo into concluding that the bottled water was environmentally superior to other waters or endorsed by environmental organizations).

Moreover, courts routinely find that UCL claims premised on misrepresentations, like this one, cannot stand when other available sources plainly clarify or contradict the alleged misrepresentation. *See, e.g. Maloney v. Verizon Internet Servs., Inc.*, 413 F. App'x 997, 999 (9th Cir. 2011) (affirming dismissal of UCL claim because representation that defendant would deliver internet speed "up to 3 Mbps" was not likely to deceive the reasonable consumer when the terms of service clearly explained that the maximum speed depended on certain factors specific to each customer); *Block v. eBay, Inc.*, 747 F.3d 1135, 1140 (9th Cir. 2014) (dismissing UCL claim for fraudulent conduct because defendant's website clearly explained conduct at issue such that any reasonable consumer could not have relied on the alleged

- 17 -

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

misrepresentation).   As explained *supra*, even Cigna's public provider directory website referenced in Beach District's Complaint directly refutes Beach District's claim that the MultiPlan logo on an insurance card means that Beach District is always entitled to its contract rates with MultiPlan.

**Second**, Beach District fails to plead "unlawful conduct."  Beach District does not allege Cigna "violated any law or regulation independent from their breach of contract." *Santa Barbara Smokehouse, Inc. v. Aquachile, Inc.*, 2020 WL 6743592, at *5 (C.D. Cal. July 7, 2020) "Absent further allegations that [Cigna's] supposed breach was independently 'unlawful,' [Beach District is] unable to sufficiently state a UCL violation under this prong." *Id.*; *see also Nestle USA, Inc. v. Crest Foods, Inc.*, 2017 WL 3267665, at *19 (C.D. Cal. July 28, 2017) ("In general, the 'unlawful' prong does not extend to claims based on breach of contract."); *Catena*, 2012 WL 12942740, at *10–11 (dismissing plaintiff's UCL claim for "unlawful" business practice because claim based solely on defendant's breach of contract without further allegation that defendant's conduct violated any law).

**Third**, Beach District also claims that Cigna's use of the MultiPlan logo on its members' cards constitutes an "unfair" business practice.  In *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal. 1999), the Supreme Court of California required plaintiffs to show that the unfair conduct is sufficiently "tethered" to a legislative policy such that there is a close nexus between the challenged act and the legislative policy.  Previously, courts had used another test, which held "that 'unfair' conduct occurs when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* at 543.  The Ninth Circuit has held that either of these tests can apply to determine whether a business practice is "unfair" absent "further clarification by the California Supreme Court." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Neither test is met here.  Beach District alleges no facts to support the claim that Cigna's placement of the logo "threatens to violate the letter, policy, or spirit of the antitrust laws, or that it harms competition." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012); *see also Ramin M. Roohipour, M.D., Inc. v. Blue Cross Blue Shield of Ill.*, 2021 WL 5104383, at *6 (C.D. Cal. Oct. 21, 2021) (dismissing UCL claim for unfairness because plaintiff failed to plead any legislative policy that defendant violated).   Beach District also offers no more than conclusory and unsupported allegations that Cigna's "overcharging of customers and misrepresentations about the nature of the payment . . . constitutes immoral, unethical, oppressive, or unscrupulous activities." (Comp. ¶ 176.)  As explained *supra*, Beach District has not pled a misrepresentation claim, and numerous courts have recognized the use of a logo, without more, is not fraudulent or unlawful.

Ultimately, Beach District cannot plead around the terms of those agreements to a transform a breach of contract claim into a UCL claim. *See, e.g., Pearson v. Homecomings Fin. LLC*, 2008 WL 11337354, at *2 (S.D. Cal. June 12, 2008) (dismissing UCL claim and holding that plaintiff could not "transform an ordinary breach of contract claim into a claim under California's unfair competition law"). Accordingly, the UCL claim fails.

### 3. Beach District Does Not Lack an Adequate Remedy at Law.

Finally, the UCL claim also fails because Beach District does not lack an adequate remedy at law.  The UCL provides an equitable remedy, and a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020) (dismissing UCL claim because plaintiff could pursue unpaid wages through legal remedy); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("[a] UCL action is equitable in nature; damages cannot be recovered").

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Beach District claims that it and the putative class members lack an adequate remedy at law because Cigna will continue to "mis-process claims" and because "damages will not capture the full harm done . . . due to difficulties in quantifying the harm . . . ." (Comp. ¶ 182.)  But this conclusory allegation is undercut by the rest of the Complaint, which alleges that Beach District believes it should have been paid 95% of billed charges.  (*Id.* ¶ 5.)  This is a clear case for monetary damages.  *See Vepo Design Corp. v. Am. Econ. Ins. Co.*, 2020 WL 7382310, at *7-8 (C.D. Cal. Oct. 16, 2020) (Plaintiff's request for "[a]n injunction . . . amounts to a request for monetary damages, which is not cognizable for a violation of [UCL]"); *Sheahan v. State Farm Gen. Ins. Co.*, 394 F. Supp. 3d 997, 1006-07 (N.D. Cal. 2019) (holding that the UCL does not allow for affirmative mandatory injunctive relief requiring an insurance company to readjust a homeowner's property damage claim because that is tantamount to a disguised remedy of damages).

## IV.   **CONCLUSION**

For the foregoing reasons, Cigna respectfully requests that this Honorable Court grant this Motion and dismiss the Complaint with prejudice.

///
///
///
///
///
///
///
///
///
///
///
///

CIGNA HEALTH AND LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO: 2:22-CV-03931

Dated: August 4, 2022

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:    /s/ William P. Donovan, Jr.
William P. Donovan, Jr.
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile:  (310) 277-4730
wdonovan@mwe.com

Joshua B. Simon*
Warren Haskel*
Richard W. Nicholson, Jr.*
Michael Murray*
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444
jsimon@mwe.com
whaskel@mwe.com
rnicholson@mwe.com
mmurray@mwe.com

*pro hac vice* pending

Attorneys for Defendant
CIGNA HEALTH AND LIFE
INSURANCE